UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS J. M.,<br><br>      Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | NO: 2:18-CV-0126-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

  BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 13 and 17). Plaintiff is represented by Dana C. Madsen. Defendant is represented by Daphne Banay. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on August 27, 2014, alleging a disability onset date of November 18, 2009. Tr. 18. The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. *Id*. A hearing was held before an Administrative Law Judge on November 16, 2016. Tr. 61-100. The ALJ rendered a decision denying Plaintiff benefits on January 13, 2017. Tr. 18-30.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through March 31, 2018. Tr. 21. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2009, the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff had severe impairments and that Plaintiff's impairments, including the substance use disorder, met certain listed impairments. *Id*. The ALJ then found, if claimant stopped the substance abuse, he would still have severe impairments but would not

have any listed impairments. Tr. 22-23. The ALJ then determined that if Plaintiff stopped substance use, he would have the residual functional capacity to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: he is able to understand, remember, and carry out simple, repetitive, routine tasks and instructions; able to maintain attention and concentration on simple routine tasks for 2-hour intervals between regularly scheduled breaks, with only occasional changes in his work routine, and no judgment or decision making or fast-paced production rate (defined as assembly line-type work); and he should have no more than minimal and brief interaction with the public, or superficial (defined as non-collaborative, no teamwork, no tandem tasks) interaction with coworkers, with no more than occasional small groups of coworker, and dealing with things rather than people.

Tr. 23. At step four, the ALJ found that if Plaintiff stopped the substance use, he was capable of performing past relevant work as an Auto detailer, (DOT # 915.687-034, SVP 2, medium); Kitchen helper, (DOT # 318.687-010, SVP 2, medium); Dining room attendant, (DOT # 311.677-018, SVP 2, medium); and Photo finisher, (DOT # 976.487-010, SVP 2, light). Tr. 29.

The ALJ found "[b]ecause the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of decision. *Id*.

The Appeals Council denied Plaintiff's request for review on February 16, 2018, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  Tr. 1-5; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

Plaintiff raises two substantive issues for review:

1. Whether the ALJ improperly discredited Plaintiff's symptom claims; and

2. Whether the ALJ failed to properly consider and weigh the opinion evidence.

ECF No. 13 at 15.

DISCUSSION

**A. Adverse Credibility Determination**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927.  A claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R. §§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms

"cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F .3 d 947, 958 (9th Cir. 2002). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff contends the ALJ improperly discredited his symptoms even though he "has been totally abstinent from drugs and alcohol since April of 2015" and continues to have significant psychological symptoms even without using illegal

substances. ECF No. 13 at 15-16. Defendant contends Plaintiff has waived this argument because he fails to present any specific argument in support of this generalized assertion. ECF No. 17 at 6. Plaintiff confusingly counters that "the ALJ's findings were not based on legal error and were not supported by substantial evidence." ECF No. 18 at 2. Plaintiff then recites findings of medical providers, all but one of which pre-date Plaintiff's cessation of substance abuse. *Id*. at 2-3. Plaintiff cites one medical provider's observations that Plaintiff was experiencing auditory hallucination, was irritable, anxious and angry and his thought processes were tangential. *Id*. at 3, Tr. 778. Plaintiff does not explain the isolated context in which these observations were made. On this issue of credibility, Plaintiff then confusingly argues that the ALJ did not properly reject the opinions of examining mental health providers. ECF No. 18 at 4.

Despite that Plaintiff has thus waived any argument concerning the ALJ's findings regarding Plaintiff's credibility, the Court has reviewed the record. Plaintiff claimed he was totally disabled. The ALJ thoroughly discussed Plaintiff's claim as compared to the inconsistencies in the record supporting the ALJ's clear and convincing reasons for rejecting it. Tr. 25-26. Significantly, Plaintiff's mental symptoms became milder after cessation of drug and alcohol use, he suffered no episodes of decompensation, he continued to get much better, he admitted he could probably work but did not want to because he could receive public assistance,

when he was clean for 17 months he reported he was not hallucinating and was getting along better with people, he was 4.0 college student during the 2014-15 school year, he was performing activities of daily living and began living on his own. *Id*.

Clear and convincing reasons supported by substantial evidence support the ALJ's finding.

**B. Weighing the Opinion Evidence**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by

substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff's entire argument is that the "opinions given by Marion (sic) Martin, Ph.D. are not considered substantial evidence. Her opinion given at the hearing was incorrect. She apparently did not know that [Plaintiff] had been clean and sober for 1 year and 6 months prior to the hearing. The opinion of the examining doctor, John Arnold, Ph.D. should be given controlling weight." ECF No. 13 at 16-17.

Defendant contends the ALJ was only required to provide specific and legitimate reasons to reject Dr. Arnold's opinions, because they were contradicted by others. ECF No. 17 at 7. Defendant further argues that Plaintiff does not present any other specific argument and has therefore waived any argument that Dr. Arnold's opinion deserves controlling weight. *Id.* at 10.

Plaintiff counters that Dr. Martin's hearing testimony that some paranoia and auditory hallucinations could likely be related to the use of methamphetamine was "totally incorrect" because Plaintiff was clean and sober at the time of the hearing in November of 2016. ECF No. 18 at 4-5. Plaintiff represents to the Court that "[i]t is evident that Dr. Martin did not read [Plaintiff's] medical records and exhibits in the case and did not realize that [Plaintiff] had completely stopped using any illegal substance and alcohol in April of 2015. . ." ECF No. 13 at 13. Plaintiff also contends that the opinion of a non-examining, non-treating doctor does not constitute substantial evidence. ECF No. 18 at 5.

Dr. Martin was the nonexamining psychological medical expert who testified at Plaintiff's hearing. Tr. 22-23, 28-29, 65-77. Dr. Martin testified that she reviewed the medical records. Tr. 66. Plaintiff's representation to the Court that Dr. Martin did not review the records is wrong. Dr. Martin specifically testified that the paranoia was more related to the methamphetamine use that stopped in April of 2015. Tr. 67. Plaintiff's premise that Dr. Martin did not know Plaintiff's period of sobriety is wrong, she testified to that critical April 2015 date at least three times. Tr. 70-71.

An ALJ may discredit an examining psychologist's opinion with specific, legitimate reasons. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Plaintiff has shown no reason to question the ALJ's discounting of examining,

non-treating psychologist, Dr. Arnold's opinions. Further, the opinions and analysis of the nonexamining psychologist who testifies as a medical expert, may constitute substantial evidence. *Id*. The only two reasons Plaintiff has given to this Court for rejecting Dr. Martin's opinions are false. Thus, Defendant is entitled to summary judgment.

Plaintiff's misrepresentation of the record is particularly unhelpful to the Court and will result in sanctions, if repeated in the future.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** March 18, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14